**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**DERRICK A. DAVIS**                                                                          **PLAINTIFF**

**VS.**                                                          **NO. 4:19CV00551 JM**

**CITY OF LITTLE ROCK, et al.**                                                    **DEFENDANTS**

**ORDER**

Pending is the Plaintiff's motion for a protective order.  (Docket # 21).

Plaintiff asks that the Court to enter a protective order aimed at allowing the

production of information and documents regarding "cooperating individuals"

utilized by the Little Rock Police Department to perform controlled buys of narcotics

from suspected drug dealers.  The City of Little Rock has responded and the

Plaintiff has filed a reply.

Plaintiff seeks both unredacted and redacted copies of documents identifying

cooperating individuals ("confidential informants") used by the Little Rock Police

Department from 2010 to the present along with an unredacted copy of the

department's "master file" on all cooperating individuals.  The City opposes the

protective order submitted by Plaintiff and has proposed a protective order which

would allow the disclosure of redacted documents pertaining to cooperating

individuals protecting information which would disclose the identity of the

individual in addition to allowing a deposition of confidential sources under the

supervision of a Magistrate Judge.

In *Ladd v. Martin*, 339 Fed. Appx 660 (8th Cir. 2009) the Court stated:

The privilege against disclosing the identity of a confidential informant (CI) is based on public interest in effective law enforcement, but that interest must be balanced by the requirement of fundamental fairness. *U.S. v. Lapsley,* 263 F.3d 839, 842 (8th Cir.2001); *Roviaro v. United States,* 353 U.S. 53, 59–60, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Where the disclosure of a CI's identity, or of the contents of the CI's communication "is essential to the fair determination of a cause, the privilege must give way." *Roviaro,* 353 U.S. at 60–61, 77 S.Ct. 623. In a civil case, the determination of whether a CI's identity is "essential" is a question of law, and must be determined by balancing the plaintiff's need for the information with the defendant's interest in non-disclosure. *Id.* at 62, 77 S.Ct. 623. An in camera review is the appropriate means for the district court to determine whether the CI's identity and communications are essential to Ladd's claim, while protecting the state's interest in avoiding unnecessary disclosure of the CI's identity. *Westcott v. Crinklaw,* 68 F.3d 1073, 1078–79 (8th Cir.1995).

The Court agrees that the production of a redacted version of the documents followed by an in camera review, if requested by the parties, is the appropriate means for the Court to determine whether the identity of any particular confidential informant is essential.  The wholesale disclosure of the identity of every confidential informant used by the Little Rock Police Department since 2010 is overly broad and poses a significant danger to the informants.  Further, Plaintiff has failed to demonstrate the need for such broad disclosure for a fair determination of this case.

The City is directed to prepare a protective order in accordance with this opinion.

IT IS SO ORDERED this 22nd day of June, 2020.

_____
James M. Moody Jr
United States District Judge

2